**Ray O. BROWN, Appellant,**

**v.**

**Nealie ADKINS, Jr., Appellee.**
**Nealie ADKINS, Jr., Cross-Appellant,**

**v.**

**Ray O. BROWN, Cross-Appellee.**

Court of Appeals of Kentucky.

April 24, 1970.

W. H. Counts, Ora F. Duval, Counts & Duval, Olive Hill, Alan B. Peck, Lewis A. White, White & Peck, Mt. Sterling, for appellant and cross-appellee.

Elijah M. Hogge, Paul W. Blair, Morehead, for appellee and cross-appellant.

WADDILL, Commissioner.

We are considering an appeal from a judgment in a primary election contest case.

At the primary election held May 27, 1969 in Elliott County, Kentucky, Ray O. Brown and Nealie Adkins, Jr., were candidates for the Democratic nomination for county judge. No Republican candidate sought the office.

The official results of this primary election showed Adkins received 1,302 votes and Brown 1,277 votes, a majority of 25 votes in Adkins' favor. Of the machine votes cast, Brown received 1,265 and Adkins 1,264. However, of the absentee ballots cast, Adkins received 38 while Brown received only 12.

Subsequently Brown filed an election contest action against Adkins in which he named numerous voters who allegedly had illegally voted for Adkins, 30 of whom had voted by absentee ballot notarized by Louise Young. A counter-contest was filed by Adkins in which he named numerous voters who allegedly had voted illegally for Brown. (Brown alleged that 30 illegal absentee votes notarized by Louise Young had been cast, when in fact only 28 of these votes were cast in precincts 2 and 3).

The trial judge, after considering every facet of the case, found that 35 illegal votes were cast for Adkins and 26 illegal votes were cast for Brown, resulting in Adkins receiving 1,267 votes and Brown receiving 1,251. Accordingly, Adkins was adjudged the winner of the race by 16 votes. From this judgment Brown has appealed and Adkins has cross-appealed.

■ Brown makes two contentions on this appeal. First, that the trial court erred in deducting from his total vote the votes cast by Elwood Harris, Monnie Harris, Roscoe Fraley and Donna Keeton. The evidence shows that Elwood Harris had been working and residing in Frankfort for the past eight years and had no

intention of returning to reside in Elliott County. The evidence also shows that Monnie Harris had voted in the wrong precinct and that Roscoe Fraley and Donna Keeton received voting assistance from an election officer without taking the oath required by KRS 125.140(2). Thus, these four votes were illegally cast. Since the evidence was sufficient to support the trial court's finding that they voted for Brown, these votes were correctly deducted from Brown's total vote.

■ Appellant next contends that the trial court erred in failing to deduct from Adkins' total vote all 28 absentee votes because these voters were not qualified to vote in Elliott County. These votes were notarized by Louise Young and were cast in precincts Nos. 2 and 3.[1] Although the trial court found that all of these votes were illegally cast, the court subtracted only 6 of them from Adkins' total vote because Brown had failed to prove for whom the other absentee votes had been cast. Appellant concedes that, where the "20 per cent rule" is not involved, before a vote may properly be deducted the challenging party must prove that the vote is illegal and for whom it was cast. However, he insists that the above rule should be relaxed because the evidence showed a flagrant disregard for the state election laws with respect to the 28 absentee votes in controversy. There is no contention that the election process itself was tainted.

■ Assuming the correctness of appellant's argument that all 28 absentee votes which were identified as being notarized by Louise Young and cast in precincts 2

and 3 were illegal votes, nevertheless we conclude Adkins is the winner of the race.

We reach this conclusion for the following reasons. Of these 28 absentee votes in question, the trial court deducted 6 of them from Adkins' total vote. (This ruling was made by the trial court because 6 voters who had their absentee ballot notarized by Louise Young testified that they had voted for Adkins). However, one of these votes was not challenged by the pleadings and consequently was erroneously deducted from Adkins. Therefore, from the trial judge's tabulation, Adkins gains 1 vote which, at this stage of the case, gives him a majority of 17 votes. From the 28 questioned absentee votes we must subtract the 5 votes above considered leaving 23 votes now in question.

In effect, the trial court charged 22 illegal votes to Brown and 6 to Adkins. Since one of the illegal Adkins votes had not been challenged, only 5 of the 6 illegal votes cast for Adkins should have been charged to him. Of the remaining 22 illegal votes 2 were cast for Brown and obviously are chargeable to him, leaving 20 illegal votes. Since it was shown that Brown received only 4 votes in precincts 2 and 3, that is the maximum number chargeable against him. Hence 18 of the last mentioned votes are chargeable to Adkins, enhancing Brown's position by 12 votes over the result reached by the trial court. This leaves him still 4 votes short.

Our disposition of the appeal requires no discussion of the cross-appeal.

The judgment is affirmed.

All concur.

---

1. Individual magistrate races were held in each of precincts 2 and 3; and appellant claims that the absentee ballots issued for each of these precincts are identifiable.